UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| WORLDCARE LIMITED CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>WORLD INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 8:11-CV-00099<br><br>**ORDER ON ELECTRONIC DISCOVERY** |

Pursuant to the Court's Order of August 17, 2011 (filing 95), and the terms and representations contained in the Joint Electronic Discovery Agreement submitted by the parties, the following provisions shall govern the production of electronic discovery in this case:

### I. Definitions

"Document," "data," "electronic information," or synonyms thereof, means documents or ESI as used in Federal Rule of Civil Procedure 34 and as recognized by federal courts in the Eighth Circuit.

"Electronic device" means, but is not limited to: computer systems, including servers, networks, e-mail systems, voice mail systems, databases, desktop or laptop computers, telephone message records or logs; computer and network activity logs; electronic calendars; scheduling and rolodex systems; digital recordings or transcripts thereof; any memory cards, flash drives (also known as thumb drives or key chain drives), CDs, DVDs, or any other similar storage media.

"Native format" means an electronic document as it exists in its respective electronic universe in the ordinary course of business and includes all documents that are created in digital format (including, but not limited to, exchange logs, e-mail logs, mail store files, server error logs, word processing files, spreadsheets, presentations, and E-mail and all metadata associated with any of the foregoing examples of ESI) which have a native file format.

### II. Production of Electronic Data

*Identification of Relevant Electronic Data:* In response to formal discovery requests, each party agrees to review electronic files and devices likely to contain relevant information. This includes, but is not limited to, reviewing computers, electronic data servers, and email servers and accounts.

*Search of Electronic Data:*  In response to a formal discovery request, the responding party shall review any and all sources of ESI necessary to respond to the request.  However, backup systems, deleted files, and file fragments shall only be searched upon request.  Depending upon the logistics associated with the request, the parties agree to discuss how the costs for such searches shall be allocated between them, if at all, or otherwise seek court intervention in the event the parties cannot agree on cost issues.

*Emails:*  For emails, the parties agree to the following procedures:

For all e-mails, the parties will produce the e-mails and attachments in accordance with the procedures described below with respect to TIFF images, native files, and a load file.  The parties shall include any and all attachments to emails with the respective email to which it was attached.

*Production of Electronic Data:*  The parties will produce ESI in an electronic format, stored on a CD-ROM, external drive or other suitable electronic storage media.  Each storage media shall have a load and/or data file (referenced together hereafter as "load file") of a type to be determined by each party (e.g., concordance or summation).  The TIFF images in the load file shall include searchable extracted text of the native file to the extent possible.  For files where there is no native searchable extracted text (e.g., a scanned copy of a paper document), each party shall run an optical character recognition ("OCR") on the TIFF images in the load file.

Each document, and the pages contained therein, shall be produced as production numbered, multi-page .tif ("TIFF") images.  If the TIFF contains information subject to protective order, the TIFF shall be appropriately marked in accordance with the protective order.  If production of a document in TIFF format would result in a large number of pages with limited information (e.g., EXCEL files) the producing party may elect to produce those files natively in lieu of producing the files as TIFFs.

*Native Format Requests:*  Upon request, each party shall provide electronic documents in Native Format.  Absent a request for production in Native Format, the parties shall provide all ESI as described above.  The parties agree to treat all documents produced in Native Format in accordance with any "confidential" markings placed on the TIFF image.

    **IT IS SO ORDERED.**

    **DATED August 25, 2011.**

                                    **BY THE COURT:**

                                    **S/ F.A. Gossett**
                                  **United States Magistrate Judge**